Young *v.* Hail.

WILLIAM YOUNG *et al.* *v.* JOSHUA HAIL *et al.*

1. SUPREME COURT PRACTICE. *Petition for rehearing.* A petition for rehearing is of little avail which does not specify any fact bearing upon the interests of the parties overlooked by the court, or any new principle of law affecting the decision, or any additional argument upon the points previously made.

2. CHANCERY COURT PLEADINGS AND PRACTICE. *Attachment bill. Rents.* When under an attachment bill seeking to set aside a general assignment for the benefit of creditors, and a cross-bill by the two preferred beneficiaries in the assignment, a receiver was appointed by the court, the record not showing at whose instance, to take possession of and rent out the land in dispute, and the suit is finally decided in favor of the attaching creditor, and the land ordered to be sold in satisfaction of his debt, the rent will follow the land, and go first to the attaching creditor.

3. SAME. *Assignment. Beneficiaries. Attaching creditor.* The beneficiaries in the trust deed having joined in seeking to enforce it, the proceeds of the trust property, after satisfying the claim of the attaching creditor, should be paid to the beneficiaries in the order fixed by the assignment.

Petition for rehearing.

COOPER, J., delivered the opinion of the court.

The petition for rehearing in this case, presented on behalf of Wright and Polk, the beneficiaries and claimants under the trust assignment of Joshua Hail, does not, so far as it seeks a rehearing on the merits, specify any fact bearing upon the interest of the parties which was overlooked by the court, or any new principle of law affecting the decision, or even any additional argument upon the points previously made. It simply asks a reconsideration, without affording any ground to sustain the application. Such a petition can be of little avail. The case was carefully examined in advance of the decision announced, and a reexamination has only tended to strengthen us in the conclusions reached.

Upon the question of the proper disposition of the rent of the lands *pendente lite*, the petition stated as a fact that the petitioners, Wright and Polk, had caused the lands to be placed in the hands of a receiver under their bill, and that Hail had not contested their right to the rents thus impounded.

This was a fact which, if shown by the record, might affect the rights of the parties, and which had escaped the attention of the court. The learned counsel of the petitioners was asked to point out the part of the transcript on which his clients relied for the statement, and the attention of the counsel on the other side was called to the allegation. The latter counsel deny that the record shows the fact to be as claimed. The petitioners' counsel relies on the bill

of his clients, and the order of the court touching the rent of the land on a specified page. The bill, however, was filed on May 22, 1867, and sought the appointment of a new trustee under the assignment, to collect the rents due from Durham for the years 1867–8–9, and "until the time expires," allowed for closing the trust. The rents, after the 1st of January, 1870, were, very naturally, not thought of at the filing of the bills. It does appear on the page of the manuscript pointed out by counsel, that on August 20, 1869, the court, in all the consolidated causes, ordered the clerk and master to rent out the land for the year 1870, "all questions of law" being reserved. A similar order was made each year for the succeeding years up to the rendition of the final decree, and that decree directs, in view of the appeal, the land to be rented for the next year.

It nowhere appears that the petitioners, either by their pleading or otherwise, asked for or caused the receiver to be appointed.

The chancellor very properly held, that inasmuch as Joshua Hail, the trust assignor, had rented the land up to the 1st of January, 1870, and transferred the rent notes for value before the bills were filed, the transferees were entitled to the proceeds of those notes. The original complainant, Young, could only subject the land encumbered with the lease, and Wright and Polk, who claimed under the deed, could not dispute the right of the grantor to lease the land during the time he had stipulated, before the trust could be foreclosed. The court properly took posses-

sion of the land upon the expiration of Durham's lease, and rented it for the benefit of the litigation, as might eventually be decreed.

His Honor, the chancellor, was of opinion, and so ordered in his final decree, that the rents pending the litigation should be paid to Young. If the record had shown that the receiver had been appointed at the special instance of the trust creditors, there might have been a question whether those creditors, who had thus secured the fund, might not have a prior equity to have it applied to their debts, in analogy to the case of separate mortgagees, where a junior mortgagee, by impounding the fund, acquires a right to it until the prior mortgagee asserts his legal title: *Ellis* v. *Boston, etc., R. Co.*, 107 Mass., 1.

The record failing to show any special activity on the part of the trust creditors in the matter of these rents, they follow the land, and must go to the attaching creditor on general principles: *Medley* v. *Davis*, 5 Hum., 387; *Henshaw* v. *Wells*, 9 Hum., 566. And the Code, sec. 3536, provides that: "The property attached, if not replevied, with its proceeds or increase from the date of the levy, will be subjected to the satisfaction of the judgment or decree."

There is no reason, therefore, for modifying the former decree in giving the attaching creditors the benefit of the rents which have accrued since the 1st of January, 1870, the previous rents having been properly disposed of by the chancellor. Under all the circumstances, however, the costs of this court

should be paid out of these rents, instead of by Wright and Polk, as heretofore ordered.

The decree which has heretofore been entered directs any surplus of the proceeds of the land, after satisfying the debts of the attaching creditors, to be paid *pro rata* on the demands of Wright and Polk. These parties have, however, insisted on the validity of the trust deed, and are estopped to dispute its provisions. The deed is, moreover, good as between them and the grantor. It gives a preference to Wright's debt, and the decree heretofore entered should be corrected so as to conform to this preference.

With the modification as to the payment of the costs of this court, and the priority of Wright's claim over that of Polk, the petition will be dismissed.